IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES DAVIS and WILLIAM B. GADDY, | ) |
| | ) |
| Plaintiffs, | ) Case No. 03C 8631 |
| | ) |
| v. | ) Judge JUDGE CONLON |
| | ) Magistrate MAGISTRATE JUDGE ASHMAN |
| CITY OF CHICAGO, a municipal corporation; CITY OF CHICAGO, DEPARTMENT OF BUILDINGS; JAMES HARAN, in his official capacity, and in his individual capacity; STEVEN BATINICH, in his official capacity, and in his individual capacity; IRMA RODRIGUEZ, in her official capacity, and in her individual capacity; CHARLES KILLMAN, in his official capacity, and in his individual capacity; WILLIAM ROONEY, in his official capacity, and in his individual capacity; and NORMA REYES, in her official capacity, and in her individual capacity; | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, JAMES DAVIS, and WILLIAM B. GADDY, by and through their attorneys, Terrance B. McGann and Amy Elizabeth Paluch Epton, of the law firm of Whitfield and McGann complain against Defendants CITY OF CHICAGO, a municipal corporation, CITY OF CHICAGO, DEPARTMENT OF BUILDINGS; JAMES HARAN, in his official capacity, and in his individual capacity; STEVEN BATINICH, in his official capacity, and in his individual capacity; IRMA RODRIGUEZ, in her official capacity, and in her individual capacity; CHARLES KILLMAN, in his official capacity, and in his individual capacity; WILLIAM ROONEY, in his official capacity, and in his individual capacity; and NORMA REYES, in her official capacity, and in her individual capacity; as follows.

1

## Nature of Action

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiffs by virtue of the Family and Medical Leave Act of 1993, 29 U.S.C. Section 2601 *et seq.*, with a pendant state common law claims of Intentional Infliction of Emotional Distress, and Civil Conspiracy, pursuant to 28 U.S.C. §1367.

## Jurisdiction and Venue

2. This Court has "federal question" subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331.

3. Jurisdiction is also specially conferred pursuant to the provisions of the FMLA, 29 U.S.C. 2617(a)(2) and 28 U.S.C. Section 1343.

4. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) because all of the Defendants reside and are domiciled within this judicial district.

## Parties

5. Plaintiffs, and each of them, are citizens of the State of Illinois, who were employed by Defendants, within the meaning of 29 U.S.C. 2611(2).

6. At all relevant times, Defendant CITY OF CHICAGO was Plaintiffs' employer within the meaning of the FMLA, 29 U.S.C. 2611(4), employing more than fifty (50) employees for each working day, during each of twenty (20) or more calendar weeks, in each relevant calendar year.

7. Plaintiffs, and each of them, had worked more than one thousand, two hundred and fifty (1,250) hours in the twelve (12) months preceding each of their requests for medical leave.

8. At all relevant times, Defendant JAMES HARAN was employed by Defendant CITY OF CHICAGO, and at all relevant times was Plaintiffs' employer within the meaning of the FMLA, 29 U.S.C. 2611(4).

9. At all relevant times, Defendant STEVEN BATINICH was employed by Defendant CITY OF CHICAGO, and at all relevant times was Plaintiff James Davis' employer within the meaning of the FMLA, 29 U.S.C. 2611(4).

10. At all relevant times, Defendant IRMA RODRIGUEZ was employed by Defendant CITY OF CHICAGO, and at all relevant times was Plaintiff William B. Gaddy's employer within the meaning of the FMLA, 29 U.S.C. 2611(4).

11. At all relevant times, Defendant CHARLES KILLMAN was employed by Defendant CITY OF CHICAGO, and at all relevant times was Plaintiffs' employer within the meaning of the FMLA, 29 U.S.C. 2611(4).

12. At all relevant times, Defendant WILLIAM ROONEY was employed by Defendant CITY OF CHICAGO, and at all relevant times was Plaintiffs' employer within the meaning of the FMLA, 29 U.S.C. 2611(4).

13. At all relevant times, Defendant NORMA REYES was employed by Defendant CITY OF CHICAGO, and at all relevant times was Plaintiffs' employer within the meaning of the FMLA, 29 U.S.C. 2611(4).

## Factual Allegations

14. Plaintiff James Davis was hired by Defendant, City of Chicago, in or around December 1978, and was promoted to Supervisor in or around 1989.

15. At all relevant times, Plaintiff James Davis performed his employment responsibilities in a manner that met and/or exceeded Defendants' reasonable employment expectations.

16. At all relevant times, Plaintiff James Davis' direct supervisor was Steven Batinich. At all relevant times, Plaintiff James Davis was also supervised by Defendant James Haran, Defendant Charles Killman, William Rooney, and Defendant Norma Reyes.

17. Plaintiff James Davis suffers from severe and permanent medical conditions, including but not limited to a prior triple-bypass coronary operation, a prior operation to repair the complete caudation of his right leg, suffers from severe diabetes, hypertension, coronary artery disease, and has complete caudation of his left leg, causing intermittent and unpredictable, temporary incapacity.

18. Plaintiff James Davis notified Defendant, City of Chicago, of his disability in or around 2002, when he requested a reasonable accommodation. At that time, Defendant, City of Chicago, granted Plaintiff James Davis' reasonable accommodation, by certifying his eligibility for FMLA intermittent leave.

19. In or around March 2003, Plaintiff James Davis again certified his reasonable accommodation, by re-certifying his eligibility for FMLA intermittent leave.

20. On or about November 7, 2003, Plaintiff James Davis requested a reasonable accommodation from Defendants, by exercising his right to take intermittent FMLA leave.

21. On or about November 12, 2003, Defendants held a pre-disciplinary hearing, attended by Defendant James Haran, Defendant Steven Batinich, and Defendant Charles Killman, at which Defendant Steven Batinich compared Plaintiff's James Davis' FMLA certification to a "Get Out Of Jail Free" card.

22. Following Plaintiff James Davis' pre-disciplinary hearing, Defendants James Haran, Steven Batinich, Irma Rodriguez, and Charles Killman consulted with Defendants William Rooney and Norma Reyes about Plaintiff James Davis' disciplinary suspension.

23. On or about November 17, 2003, Defendants suspended Plaintiff James Davis without pay, for a period of fifteen days.

24. Plaintiff William B. Gaddy was hired by Defendant, City of Chicago, in or around March 1979, and was promoted to Supervisor in or around 1993.

25. At all relevant times, Plaintiff William B. Gaddy performed his employment responsibilities in a manner that met and/or exceeded Defendants' reasonable employment expectations.

26. Plaintiff William B. Gaddy suffers from severe and permanent medical conditions, including but not limited to: gout, arteriosclerosis, allergic rhinitis, and diabetes, causing unpredictable, intermittent, and temporary incapacity.

27. At all relevant times, Plaintiff William B. Gaddy's direct supervisor was Defendant Irma Rodriguez. At all relevant times, Plaintiff William B. Gaddy was also

supervised by Defendant Thomas Haran, Defendant Charles Killman, Defendant William Rooney, and Defendant Norma Reyes.

28. Plaintiff William B. Gaddy notified Defendant, City of Chicago, of his disability in or around 1992. In or around 2001, Plaintiff William B. Gaddy requested a reasonable accommodation from Defendant. At that time, Defendant, City of Chicago, granted Plaintiff William B. Gaddy's reasonable accommodation, by certifying his eligibility for FMLA intermittent leave.

29. In 2003, Plaintiff William B. Gaddy again certified his reasonable accommodation, by re-certifying his eligibility for FMLA intermittent leave.

30. On or about November 7, 2003, Plaintiff William B. Gaddy requested a reasonable accommodation from Defendants, by exercising his right to take six (6) hours of intermittent FMLA leave.

31. On or about November 12, 2003, Defendants held a pre-disciplinary hearing, attended by Defendant James Haran, Defendant Irma Rodriguez, and Defendant Charles Killman.

32. Following Plaintiff William B. Gaddy's pre-disciplinary hearing, Defendants James Haran, Steven Batinich, Irma Rodriguez, and Charles Killman consulted with Defendants William Rooney and Norma Reyes about Plaintiff William B. Gaddy's disciplinary suspension.

33. On or about November 17, 2003, Defendants suspended Plaintiff William B. Gaddy without pay, for a period of five (5) days.

34. Similarly situated employees who were not FMLA certified, and did not request FMLA leave, but requested permission to leave work without notice, as a result of sudden illness, were not suspended and did not receive negative employment actions.

## COUNT I
## SUBSTANTIVE VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. Section 2601 *et seq.*

35. Plaintiffs repeat and reallege paragraphs 1-34, as though fully set forth herein.

36. Defendants had a substantive duty not to use FMLA protected leave as a negative factor in an employment decision, such as disciplinary actions, pursuant to 29 U.S.C. §2615 (a)(1).

37. Contrary to the above statutory enactment, Defendants, and each of them, used Plaintiffs' use of intermittent FMLA leave as a negative factor in the employment decision to suspend Plaintiffs without pay.

38. Defendants willfully, and without good faith, violated the FMLA by knowingly using Plaintiffs' use of intermittent FMLA leave as a negative factor in the employment decision to suspend Plaintiffs without pay, thus interfering with Plaintiffs' substantive rights to utilize their FMLA leave, pursuant to 29 U.S.C. § 2615(a)(1).

WHEREFORE, Plaintiffs, and each of them individually, seek Judgment against Defendants, and each of them individually, as follows:

A. Enter a judgment declaring that Defendants' consideration of Plaintiffs' use of intermittent FMLA leave in a disciplinary action constitutes a substantive violation of the FMLA;

B. Enter a judgment for each Plaintiff in the amount of his lost wages, value of lost monetary benefits, and other monetary losses caused by

Defendants' unlawful consideration of Plaintiffs' use of intermittent FMLA leave;

C. Enter a judgment awarding each Plaintiff interest at the prevailing rate on all lost salary, benefits, and other monetary losses;

D. Enter a judgment for each Plaintiff an additional equal amount as liquidated damages;

E. Award each Plaintiff his reasonable attorney fees and costs incurred by each Plaintiff in filing this action;

F. Issue an injunction deleting any negative reference, regarding the incidents at issue, to each Plaintiff in his employment file;

G. Enter an injunction prohibiting Defendants from violating Plaintiffs' future FMLA rights;

H. Grant each Plaintiff's such further relief as this court deem appropriate.

## COUNT II
## RETALIATORY VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. Section 2601 *et seq.*

39. Plaintiffs repeat and reallege paragraphs 1-34, as though fully set forth herein.

40. Plaintiffs exercised FMLA protected rights by taking certified, intermittent FMLA leave. Defendants were legally prohibited from retaliating against Plaintiffs for exercising those rights, pursuant to 29 U.S.C. § 2615(a)(2).

41. Contrary to the above statutory enactment, Defendants, and each of them, retaliated against Plaintiffs for using their intermittent FMLA, by suspending them upon their return from the leave.

42. Similarly situated employees who were not FMLA certified, and did not request FMLA leave, but requested permission to leave work without notice, as a result of sudden illness, were not suspended and did not receive negative employment actions.

WHEREFORE, Plaintiffs, and each of them individually, seek Judgment against Defendants, and each of them individually, as follows:

- A. Enter a judgment declaring that Defendants' retaliation against Plaintiffs' use of intermittent FMLA leave constitutes a violation of the FMLA;

- B. Enter a judgment for each Plaintiff in the amount of his lost wages, value of lost monetary benefits, and other monetary losses caused by Defendants' retaliation against of Plaintiffs' use of intermittent FMLA leave;

- C. Enter a judgment awarding each Plaintiff interest at the prevailing rate on all lost salary, benefits, and other monetary losses;

- D. Enter a judgment for each Plaintiff an additional equal amount as liquidated damages;

- E. Award each Plaintiff his reasonable attorney fees and costs incurred by each Plaintiff in filing this action;

- F. Issue an injunction deleting any negative reference to each Plaintiff, regarding the incidents at issue, in his employment file;

- G. Enter an injunction prohibiting Defendants from violating Plaintiffs future FMLA rights;

- H. Grant each Plaintiff s such further relief as this court deem appropriate.

## COUNT III
## PENDANT STATE COMMON LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiffs repeat and reallege paragraphs 1-34, as though fully set forth herein.

9

44. Defendants' behavior was outrageous in character and extreme in degree when, knowing that Plaintiffs suffer from severe and life-threatening medical conditions, they summarily and abruptly suspended Plaintiffs without pay, immediately prior to the commencement of the holiday season, and caused Plaintiffs to reasonably apprehend their employment could be terminated.

45. Defendants acted intentionally and recklessly, in deliberate disregard for the high degree of probability that Plaintiffs would suffer severe emotional distress, resulting from the unlawful violation of their FMLA rights, and resulting from the reasonable apprehension that their employment would be terminated as a result of the unlawful violation of their FMLA rights.

46. Plaintiffs, and each of them, suffered severe emotional distress, resulting in physical manifestations reported to each of their respective physicians, as a result of the loss of wages and the apprehension of imminent loss of employment.

WHEREFORE, Plaintiffs, and each of them individually, seek Judgment against Defendants, and each of them individually, as follows:

A. Enter a judgment awarding Plaintiffs, and each of them, all permissible compensatory damages;

B. Enter a judgment awarding Plaintiffs, and each of them, all permissible punitive damages;

C. Grant each Plaintiff such further relief as this court deem appropriate. Action.

## COUNT IV
## PENDANT STATE COMMON LAW CLAIM OF CIVIL CONSPRACY

47. Plaintiffs repeat and reallege paragraphs 1-34, as though fully set forth herein.

48. Defendants James Haran, Steven Batinich, Irma Rodriguez, William Rooney, Charles Killman, and Norma Reyes,. agreed amongst all of them to the actions of suspending Plaintiffs, in violation of their FMLA rights.

49. Defendants' suspension of Plaintiffs without pay was unlawful, overt act, in that it was deliberately performed and was a violation of Defendants' statutory duty to comply with the FMLA.

50. Defendants' unlawful act of suspending Plaintiffs, without pay, in violation of Plaintiffs' FMLA rights, injured Plaintiffs by causing Plaintiffs loss of pay, by causing negative employment evaluations to be placed in Plaintiffs' employment records, and by causing Plaintiffs severe emotional distress, resulting in physical manifestations.

51. Defendants' unlawful, overt act was done pursuant to and in furtherance of a common scheme to deprive Plaintiffs of their statutory FMLA rights.

WHEREFORE, Plaintiffs, and each of them individually, seek Judgment against Defendants, and each of them individually, as follows:

A. Enter a judgment awarding Plaintiffs, and each of them, all permissible compensatory damages;

B. Enter a judgment awarding Plaintiffs, and each of them, all permissible punitive damages;

C. Grant each Plaintiff such further relief as this court deem appropriate.

Respectfully submitted,

*[signature]*

AMY ELIZABETH PALUCH EPTON, One
of the Attorneys for the Plaintiffs

Terrance B. McGann
Amy Elizabeth Paluch Epton
Attorney for Plaintiffs
WHITFIELD & McGANN
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
(312) 251-9700

F:\AMY\Carps\N6336 - Davis & Gaddy v. City of Chicago\Complaint Davis Gaddy3.doc

JUDGE CONLON

MAGISTRATE JUDGE ASHMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED
NOV 2 6 2003

# Civil Cover Sheet 03C 8631

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

Plaintiff(s): JAMES DAVIS and WILLIAM B. GADDY

Defendant(s): CITY OF CHICAGO, DEPARTMENT OF BUILDINGS; JAMES HARAN, in his official capacity, and in his individual capacity; STEVEN BATINICH, in his official capacity, and in his individual capacity; IRMA RODRIGUEZ, in her official capacity, and in her individual capacity; CHARLES KILLMAN, in his official capacity, and in his individual capacity; WILLIAM ROONEY, in his official capacity, and in his individual capacity; and NORMA REYES, in her official capacity, and in her individual capacity

County of Residence: COOK

County of Residence:

Plaintiff's Atty: Ms. Amy Elizabeth Paluch Epton
Whitfield & McGann
2 N. LaSalle St., Suite 1601
Chicago, IL 60602
312-251-9700

Defendant's Atty:

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal
Parties (Diversity Cases Only)
    Plaintiff:- N/A
    Defendant:- N/A

IV. Origin : 1. Original Proceeding

V. Nature of Suit: 720 Labor/Mgmt. Relations

VI. Cause of Action: 29 U.S.C. Section 2601 et seq, violation of Family and Medical Leave Act

VII. Requested in Complaint
    Class Action:
    Dollar Demand:
    Jury Demand:

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _[signature]_

**Date:** _11-26-03_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**
**NOV 2 6 2003**
**JUDGE CONLON**
**MAGISTRATE JUDGE ASHMAN**

**In the Matter of**

JAMES DAVIS and WILLIAM B. GADDY
v.
CITY OF CHICAGO, DEPARTMENT OF BUILDINGS; JAMES HARAN, in his official capacity, and in his individual capacity; STEVEN BATINICH, in his official capacity, and in his individual capacity; IRMA RODRIGUEZ, in her official capacity, and in her individual capacity; CHARLES KILLMAN, in his official capacity, and in his individual capacity; WILLIAM ROONEY, in his official capacity, and in his individual capacity; and NORMA REYES, in her official capacity, and in her individual capacity

**03C 8631**

Case Number:

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**
Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE: *Amy E. Paluch Epton* | SIGNATURE: *[signed]* |
| NAME: Amy Elizabeth Paluch Epton | NAME: Terrance B. McGann |
| FIRM: Whitfield & McGann | FIRM: Whitfield & McGann |
| STREET ADDRESS: 2 N. LaSalle Street, Suite 1601 | STREET ADDRESS: 2 N. LaSalle Street, Suite 1601 |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: Chicago, Illinois 60602 |
| TELEPHONE NUMBER: (312) 251-9700 | TELEPHONE NUMBER: 312-251-9700 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6278817 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6199967 |
| MEMBER OF TRIAL BAR? YES **NO** | MEMBER OF TRIAL BAR? **YES** NO |
| TRIAL ATTORNEY? YES **NO** | TRIAL ATTORNEY? **YES** NO |
|  | DESIGNATED AS LOCAL COUNSEL? YES NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO | DESIGNATED AS LOCAL COUNSEL? YES NO |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**