# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8631 | **DATE** | 3/31/2004 |
| **CASE TITLE** | DAVIS, et al. vs. CITY OF CHICAGO, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendants' motion to dismiss [16-1] is granted. Counts III, IV and V are dismissed with prejudice. Plaintiffs' prayer for punitive damages against the city in Counts IV and V are stricken.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | 3/31/2004 | |
| | | | date mailed notice | |
| CB | courtroom deputy's initials | 2004 APR -1 PM 12:12 | PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DAVIS and WILLIAM B. GADDY, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 03 C 8631 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

James Davis and William B. Gaddy (collectively, "plaintiffs") sue their employer, the City of Chicago ("the city"), and their supervisors James Haran, Steven Batinich, Irma Rodriguez, Charles Killman, William Rooney, and Norma Reyes (collectively, "defendants"), in both their individual and official capacities, for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Counts I and II), and the Americans with Disabilities Act ("ADA") (Count III). Plaintiffs also allege two state law claims: intentional infliction of emotional distress (Count IV) and common law conspiracy to inflict emotional distress (Count V). Essentially, plaintiffs contend they were targeted for unfair and discriminatory treatment because they were disabled and sought to exercise their rights to intermittent FMLA leave. Defendants' first motion to dismiss was rendered moot by plaintiffs' amended complaint. Defendants now move to dismiss both of plaintiffs' state law claims and plaintiffs' claims under the ADA pursuant to Fed. R. Civ. P. 12(b)(6). In addition, defendants move to strike plaintiffs' prayer for punitive damages in Counts IV and V.

1

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiffs' favor. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The complaint will be dismissed only if it appears beyond a doubt that plaintiffs can prove no set of facts in support of their claims entitling them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

Davis is sixty-one years old. For the past fourteen years, Davis has met defendants' reasonable employment expectations as a city building inspector supervisor. Am. Compl. at ¶ 19. He suffers from chronic health problems. He has undergone triple-bypass surgery and suffers from diabetes, hypertension, coronary artery disease and caudation of his left leg. *Id.* at ¶ 17. In 2002, his health problems forced him to seek intermittent FMLA leave. *Id.* His request was granted, and then re-certified in March 2003. *Id.* at ¶ 22. On November 7, 2003, Davis asked to leave work early in accordance with his intermittent leave arrangement. *Id.* at ¶ 24. Defendants denied the request for accommodation and initiated disciplinary proceedings after Davis left work without permission. *Id.* at ¶¶ 24-27. Defendants suspended Davis without pay for fifteen days on November 17, 2003. *Id.* at ¶ 27. Davis filed this lawsuit on December 2, 2003. *Id.* at ¶ 28. On January 16, 2004, Davis was denied a salary step increase because of the November suspension. *Id.* at ¶ 31.

Gaddy is also a building inspector supervisor. He is fifty-five years old and has been a city employee for the last ten years. *Id.* at ¶ 34. Gaddy suffers from gout, rhinitis and diabetes. *Id.* at ¶¶ 35-36. He notified the city of his disability in 1992, and the city certified his eligibility

for intermittent FMLA leave. *Id.* at ¶ 40-42. The city re-certified Gaddy in 2003. *Id.* On November 7, 2003, Gaddy asked to leave work early because of his FMLA certified illness. *Id.* Although defendants denied his request, Gaddy left work. *Id.* at ¶ 42. Shortly thereafter, Haran, Rodriguez, and Killman held a pre-disciplinary meeting about Gaddy's conduct. *Id.* at ¶¶ 42-45. After further consultation involving Rooney and Reyes, defendants suspended Gaddy for five days without pay for leaving work without permission. *Id.* at ¶ 45.

## DISCUSSION

### Count III

Count III alleges each individual defendant violated the ADA by failing to reasonably accommodate plaintiffs' requests for intermittent leave. However, as defendants correctly point out, and plaintiffs concede, the ADA does not provide individual liability. *EEOC v. AIC Security Investigations, Inc.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995).

### Count IV

Count IV alleges defendants intentionally inflicted emotional distress upon plaintiffs by placing them on disciplinary suspension. Defendants argue Count IV is barred by the Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, *et seq.*, and because plaintiffs have failed to sufficiently allege defendants' conduct was objectively outrageous. Before considering whether defendants are entitled to immunity, the court will determine whether plaintiffs have stated a claim for intentional infliction of emotional distress.

To recover for intentional infliction of emotional distress, a plaintiff must show that defendants' extreme and outrageous conduct caused plaintiffs severe emotional distress, and that defendants knew their actions would lead to such a result. *Crudup v. Barton*, No. 98 C 1498,

3

2002 WL 276285, at *7 (N.D. Ill. Feb. 27, 2002). Imposing disciplinary suspensions is not *per se* outrageous, even if done "recklessly, willfully and wantonly." Am. Compl. at ¶ 70; *see Lewis v. Cotton*, 932 F. Supp. 1116, 1118 (N.D. Ill. 1996) (dismissing for failure to state a claim); *Herion v. Vill. of Bensenville*, No. 00 C 01026, 2000 WL 1648937, at *7 (N.D. Ill. Nov. 1, 2000) (plaintiff failed to state claim because allegations did not show conduct was extreme and outrageous). However, defendants' conduct must be examined in light of other factors, namely the control defendants had over plaintiffs and plaintiffs' particular sensitivities to emotional stress. *Honaker v. Smith*, 256 F.3d 477, 489-91 (7th Cir. 2001). Plaintiffs allege they are uniquely susceptible to stress because of their medical conditions, and one could infer defendants disliked plaintiffs given the context of the pre-disciplinary meetings. Am. Compl. at ¶ 25.

Even in light of these considerations, plaintiffs fail to state an actionable claim for intentional infliction of emotional distress. Plaintiffs cite *Kamberos v. Infiniti of Orland Park* in support of their position, but in *Kamberos* the plaintiff alleged continual and daily harassment. No. 02 C 3000, 2002 WL 31248538, at *1-3 (N.D. Ill. Oct. 4, 2002) (daily psychologically abusive tirades in front of co-workers). In their response brief, plaintiffs characterize defendants' conduct as "bullying," "angry," "hostile" and abusive. Resp. at 11. But these characterizations are not consistent with the allegations in the amended complaint. Plaintiffs merely allege defendants met, determined that suspensions were warranted, issued suspensions and that Batinich made one stray remark at the meeting. Am. Compl. At ¶¶ 25, 68-69. They do not allege defendants threatened to fire them, or that defendants engaged in ongoing harassment. Any inference that defendants maliciously and systemically attempted to injure plaintiffs would be an unreasonable reading of the complaint. Stripped of rhetoric, plaintiffs' claims are predicated on a

4

garden-variety employment dispute. *See Honaker*, 256 F.3d at 489-91 (noting employment disagreements not extreme and outrageous unless they "go well beyond the parameters of the typical workplace dispute"); *Herion*, 2000 WL 1648937 at *7-8. This conduct cannot be considered "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, or to cause distress so severe that a reasonable person could not be expected to endure it." *Lewis*, 932 F. Supp. at 1118.

**Count V**

Count V alleges Haran, Batinich, Rodriguez, Rooney, Killman and Reyes conspired to intentionally inflict emotional distress upon plaintiffs by collectively imposing disciplinary suspensions. The elements of civil conspiracy in Illinois are: 1) an agreement; 2) to participate in an unlawful act or a lawful act by unlawful means; 3) an overt act performed in furtherance of the scheme; and 4) an injury caused by the overt act. *Hakim v. Outsourcing Solution, Inc.*, No. 02 C 0425, 2002 WL 31818961, at * 7 (N.D. Ill. Dec. 16, 2002). Because plaintiffs fail to state a claim for intentional infliction of emotional distress, their conspiracy claim must also fail. *Hanania v. Loren-Maltese*, No. 98 C 5232, 2004 WL 547238, at * 19 (N.D. Ill. March 17, 2004) (failure of underlying tort claim precludes conspiracy claim).

**Punitive Damages Against the City**

Defendants move to dismiss plaintiffs' prayer for punitive damages against the city. Plaintiffs contend they are only precluded from seeking punitive damages as to Counts I - III, and that the city is entitled to immunity from punitive damages on their state law tort claims only if the individual defendants are "public officials" serving in their official capacity at the time they caused plaintiffs' injury. This is an incorrect reading of the law. It is clear that the city is

5

immune from punitive damages under federal civil rights laws. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1270 (7th Cir. 1994). Moreover, the Tort Immunity Act specifically provides "a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it . . ." 745 ILCS 10/2-102; *Agnew v. Board of Educ. of City of Chicago*, No. 97 C 5993, 1998 WL 386155, at *6 (N.D. Ill. July 7, 1998). The claims for punitive damages against the city are therefore stricken with prejudice.

## CONCLUSION

Defendants' motion to dismiss is granted. Counts III, IV, and V of the amended complaint fail as a matter of law and are dismissed with prejudice. Plaintiffs' prayer for punitive damages against the city in Counts IV and V are stricken.

March 31, 2004　　　　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　Suzanne B. Conlon
　　　　　　　　　　　　　　　　　　　　United States District Judge